UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                         CASE NO: 8:16-cr-387-CEH-JSS

ZHENYA BULGAKOV
_____/

**ORDER**

This matter comes before the Court on Defendant Zhenya Bulgakov's Motion to Reduce Sentence Based on COVID-19 (Doc. 72). In the motion, Defendant requests the Court modify his term of imprisonment to time served and impose a special condition that will allow the Defendant to serve a period of home confinement. The Government filed a response in opposition (Doc. 74). The Court, having considered the motion and being fully advised in the premises, will deny Defendant Zhenya Bulgakov's Motion to Reduce Sentence Based on COVID-19.

**I.    BACKGROUND**

On September 19, 2016, Defendant, Zhenya Bulgakov ("Defendant") pleaded guilty in open court to Count One of the Indictment charging him with possession of 50 grams or more of methamphetamine with the intent to distribute. Docs. 1, 45, 48. On February 2, 2017, this Court sentenced Defendant to 155 months' imprisonment and a term of five years of supervised release. Doc. 65. Defendant, who is currently 46 years old, is incarcerated at Sandstone FCI with an expected release date of November 21, 2027. *See* https://www.bop.gov/inmateloc/ (last accessed July 18, 2022).

### A. Defendant's Motion

On December 3, 2020, Defendant filed a motion, through counsel, seeking to modify Defendant's term of imprisonment to time served and to impose a special condition that will allow the Defendant to serve a period of home confinement. Doc. 72. Specifically, Defendant argues that the proposed modification to his sentence would allow him to protect himself from the spread of the novel coronavirus 2019 ("COVID-19") by sheltering in his place of residence as he is in the high-risk category. *Id*. Defendant alleges he suffers from ongoing complications as a result of emergency surgery for a ruptured appendix due to improper suturing which leaves him vulnerable to frequent infections and an elevated white blood count. *Id* at 7-8. In support of his motion, Defendant relies on the expert report titled *COVID-19 Inspection of BOP Lompac by Dr. Homer Venters* ("Venters Report") in arguing that the closely quartered conditions at Lompoc USP (the facility where he was located at the time of filing his motion) do not allow for appropriate distancing of inmates, and the facility is understaffed and without adequate personal protection equipment such that the conditions present a significant health risk to inmates, particularly for those with health problems like Defendant. *Id*. at 3–5.

### B. Government's response:

The Government filed a memorandum opposing Defendant's motion in which it argues the motion should be denied because Defendant has not demonstrated an extraordinary or compelling reason to warrant a reduction in his sentence. Doc. 74. The Government further argues that the Venters Report has been strongly challenged

by the Bureau of Prisons ("BOP") on multiple grounds including bias on the part of Dr. Venters as well as other problems. *Id*.; *see also* Docs. 74-1, 74-2. Additionally, the Government argues the Court lacks authority to grant the specific relief of home confinement that Defendant is seeking.

## II.   LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[1] *See* §3582(c)(1)(A).

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

## III.   DISCUSSION

### A.   Administrative Exhaustion

Defendant argues he satisfied administrative exhaustion. Doc. 72. Defendant filed an administrative request to the BOP on May 13, 2020 (Doc. 72-2 at 2), which was denied. More than 30 days from the BOP's receipt of Defendant's original application has lapsed, and thus administrative exhaustion is satisfied. The Court will turn to the merits of Defendant's motion.

### B.   Home Confinement

Defendant requests the Court recommend he be released to home confinement, which would permit Defendant to serve the remainder of his sentence at home. In general, once a court imposes a sentence, the BOP is solely responsible for determining

---

applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).

an inmate's place of incarceration to serve that sentence. *See Tapia v. United States*, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP."); 18 U.S.C. §3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). Defendant provides no legal authority to support the Court's ability to order home confinement and otherwise alleges no facts to support the requested relief. Thus, Defendant's motion to impose a special condition that will allow the Defendant to serve the remainder of his sentence on home confinement is due to be denied.

## C. Extraordinary and Compelling Reason

Defendant's Motion to Reduce Sentence for Compassionate Release (Doc. 72) fails because Defendant does not establish that extraordinary and compelling reasons exist to support a reduction in his sentence. The sentencing guidelines provide that "extraordinary and compelling reasons exist" for compassionate release when a defendant meets any one of several circumstances. Section 1B1.13 identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D). When a defendant meets any one of the categories, the Court may grant

compassionate release. *See id.* Defendant is 46 years old, and thus the second category regarding a defendant of advanced age is inapplicable.

    1.    *Medical Condition*

Relevant here, a defendant's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when the defendant is: (1) suffering from a terminal illness, i.e., a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A). Stable, controlled medical conditions do not meet the requirements of U.S.S.G. § 1B1.13 as an extraordinary and compelling reason for a prisoner's compassionate release. *See United States v. Wedgeworth*, 837 F. App'x 738 at *739–40 (11th Cir. 2020) (affirming lower court's finding of no extraordinary and compelling reason for a defendant suffering from obesity and chronic hypertension because those conditions were not terminal and did not substantially limit the prisoner's ability for self-care).

Here, Defendant argues he suffers from ongoing complications as a result of emergency surgery for a ruptured appendix leaving him vulnerable to infection. He further lists health problems of hernia and hemorrhoids. Doc. 72 at 8. The Government responds that Defendant is receiving the same medical care and attention he would receive outside of prison as he is being actively treated. Doc. 74 at 11. Defendant provides no medical records in support of his claim. Nor does Defendant demonstrate he is unable to care for himself in the prison environment. Sufficient

medical documentation is needed to satisfy Plaintiff's burden under *Heromin*, and the severity of Defendant's conditions cannot be determined without supporting documentation. 2019 WL 2411311, at *2. Because Defendant fails to provide medical records to support his claimed conditions, his motion is due to be denied.

    2.    *Family Circumstances*

Regarding the third factor, as discussed in the Commentary to USSG, § 1B1.13, "family circumstances" constituting an extraordinary and compelling reason refers to "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children [or] (ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13, cmt. N.1(C). Defendant indicates that if released to home confinement, the Defendant would be residing with his elderly parents and would be able to provide them with medical care. However, Defendant's situation is not recognized as one of the reasons for compassionate release based on family circumstances. Thus, this factor does not support a finding of an extraordinary and compelling reason for release.

    3.    *Other Reasons*

Defendant claims the COVID-19 pandemic coupled with his medical conditions establishes "other reasons" supporting release. The fourth factor, which has been described as a catch-all provision, provides that, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling

reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D).

Defendant argues that Lompoc USP is not handling the COVID-19 pandemic well. However, this point is moot as Defendant was transferred to Sandstone FCI. Sandstone FCI, where Defendant is currently incarcerated, has 0 inmates positive and only 2 staff members positive. *See* https://www.bop.gov/coronavirus/ (last accessed July 13, 2022). Sandstone FCI also currently has 179 staff and 1029 inmates fully inoculated. *Id.* The Court notes that "the mere existence of COVID-19 and the possibility it may spread to a particular prison" is not an extraordinary and compelling reason for compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

In accordance with the Eleventh Circuit's opinion in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), this Court declines to find that the pandemic, coupled with health conditions, constitute an extraordinary and compelling reason under the catchall "other" reasons category. *Id.* at 1263–65 (holding that the language "[a]s determined by the Director of Bureau of Prisons" contained within the catch-all provision precludes district courts from finding extraordinary and compelling reasons beyond those specified by the Sentencing Commission in Section 1B1.13).[2]

Accordingly, it is hereby

---

[2] Because Defendant fails to establish "extraordinary and compelling reasons" for his requested reduction, the Court need not analyze the § 3553(a) factors. *United States v. Giron*, 15 F.4th 1343, 1350 (11th Cir. 2021) (holding that the district court did not need to analyze the § 3553(a) factors if it finds that no extraordinary and compelling reason exists).

**ORDERED**:

1. Defendant Zhenya Bulgakov's Motion to Reduce Sentence Based on COVID-19 (Doc. 72) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on July 18, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Any Unrepresented Party